**Brenda PAYTON et al., Plaintiffs,**

v.

**ABBOTT LABS et al., Defendants.**

**Civ. A. No. 76–1514–S.**

United States District Court, D. Massachusetts.

Jan. 30, 1980.

David Rosenberg, Jeanne Baker, David J. Fine, Baker & Fine, Cambridge, Mass., for plaintiffs.

Marshall Simonds, Goodwin, Procter & Hoar, Boston, Mass., for defendants.

## ORDER FOR NOTICE TO CLASS MEMBERS

SKINNER, District Judge.

I have considered the several memoranda submitted by the parties and have concluded that the attached form of notice is appropriate. The defendants shall submit a definitive list of trade names under which DES was sold to and used by pregnant women during the period covered by the complaint. This list will be attached to the notice.

The notice shall be printed in type no smaller than 10 point, with appropriate margins to encourage easy reading.

Notice shall be given by certified mail, except that it may be given by first class mail to those persons who have given or hereafter give their names and addresses to the plaintiffs' attorneys for the specific purpose of receiving this notice.

As to the latter group, affidavits of mailing by the plaintiffs' attorneys or their agents will be sufficient proof of notice. Plaintiffs' attorneys shall maintain complete files of communications from this group until further order of the court.

The names and addresses of all persons notified by certified mail and, in a separate document, the names and addresses of all persons notified by regular mail in conformity with this order shall be attached to the above-mentioned affidavits and filed in court by June 2, 1980. Return receipts of those notified by certified mail shall be attached. The date of the last mailing by regular mail shall be included in the affidavit. The people whose names are so filed and who meet the class criteria shall constitute the class, subject to each person's right to "opt out" within thirty days of notice.

I am concerned with the plaintiffs' proposal to broadcast information about this case through the newspapers, radio and television. Plaintiffs' counsel's enthusiasm has led them to make optimistic statements about as yet unresolved legal and factual issues in the case which I believe are not justified, and much of the material filed in the court has been studded with overheated rhetoric. I am therefore of the opinion that the proper conduct of this case, in particular the protection of potential class members, requires that all proposed newspaper advertisements, television and radio prepared announcements, form letters, and printed informational sheets be submitted to the court prior to release. Counsel's First Amendment rights are not absolute in the context of pending litigation, as has long been recognized. Written materials used to solicit funds for the conduct of the case, if addressed to class members, or potential class members, must also be submitted to the court prior to release. *Manual For Complex Litigation*, § 1.41. Counsel are cautioned to present a balanced picture of this litigation in their other communications with actual or potential class members. This paragraph applies to all persons acting for or on behalf of counsel.

This order and form of notice reflects the suggestions of counsel made at the hearing held January 24, 1980, and supersedes the order and form of notice dated January 16, 1980.

To the extent that this order and the form of notice attached vary the terms of my Memorandum and Order of July 30, 1979, this order and form of notice supersede the order of July 30, 1979.

## NOTICE TO CLASS MEMBERS

SKINNER, District Judge.

A group of young women have filed a lawsuit in the United States District Court for the District of Massachusetts seeking injunctive and monetary relief against six drug companies, based upon the manufacture and sale of the prescription drug Diethylstilbestrol ("DES"). The plaintiffs have alleged that they are children born of DES-treated pregnancies and that their exposure to DES during their mothers' pregnancy has created a pre-cancerous condition or has increased their risk of contracting a potentially fatal type of vaginal or cervical cancer. The defendants deny these allegations.

On July 30, 1979, the court conditionally determined that the named plaintiffs were the proper representatives of a class including all women:

1) who were exposed to DES *in utero*;

2) whose exposure occurred in Massachusetts;

3) who were born in Massachusetts;

4) who are domiciled in Massachusetts when they receive this notice of this lawsuit; and

5) who have not developed the type of cervical or vaginal cancer known as clear cell adenocarcinoma.

This notice is given to you in the belief that you may be a member of the above class whose rights may be affected by this

lawsuit. This notice should not be understood as an expression of any opinion of the Court as to the merits of any claims or defenses asserted in the lawsuit. Its sole purpose is to inform you of this lawsuit so you may decide what steps to take in relation to it.

The complaint in general alleges that defendants had knowledge or sufficient reason to know of the alleged cancer danger and inefficacy of DES, and nonetheless marketed the drug for use during pregnancy as a miscarriage preventative, without suitable warnings, violating the laws of the United States and the laws of Massachusetts agaisnt involuntary drug testing, distribution in interstate commerce of a dangerous drug, negligence and breach of warranty, strict liability and absolute liability.

The defendants deny the allegations and deny liability.

The Court has determined that among the issues to be decided before defendants could be found liable to any plaintiff, there are thirteen common factual and legal issues which will be decided in this class action. Subject to the further order of the Court, the following are the only issues which will be decided in this action:

a. whether, in the circumstances alleged in this action, fear and anguish are, under Massachusetts law, compensable injuries;

b. whether, in the circumstances alleged in this action, having been put at an increased risk of developing cancer is, under Massachusetts law, a compensable injury;

c. whether, if without DES a class member would not have been born, she may, under Massachusetts law, maintain an action for injury from exposure to DES;

d. whether and when, in the circumstances alleged in this action, Massachusetts has recognized a cause of action for injury to a fetus;

e. whether and when the defendants were negligent in manufacturing and marketing DES for use by pregnant women to prevent miscarriages;

f. whether, under Massachusetts law, the defendants may be held strictly liable to the plaintiffs;

g. whether, under Massachusetts law, the defendants may be held absolutely liable to the plaintiffs for having allegedly tested DES on them without their consent;

h. whether a private right of action exists under the Federal Food, Drug and Cosmetics Act, 21 U.S.C. §§ 301, 331, and 352;

i. whether and when, in producing, marketing, and promoting DES as a miscarriage preventative, the defendants engaged in a joint enterprise;

j. whether and when the defendants combined and conspired in their acts and omissions relating to DES;

k. whether, if the defendants did not combine, conspire, or engage in a joint enterprise, a defendant may be held liable to a class member who cannot identify the maker of the DES to which she was exposed;

*l.* whether and for what periods claims of plaintiff class members under the foregoing theories of liability are barred by statutes of limitations;  and

m. whether and for what periods statutes of limitations bar claims for:

1) breach of express warranties and representations;

2) breach of implied warranties of fitness, safety, and efficacy;  and

3) fraudulent misrepresentation.

Members of the class will be bound by the Court's determination of these issues, many of which are novel, whether it is favorable or unfavorable to the class.

It is important to understand that, should the plaintiffs win favorable determinations on these class issues, *they will not have established the liability of any defendant to any class member.* They will, however, have established some of the factual and legal prerequisites to liability, which individual plaintiffs may use in later proceedings or possible settlement discussions in asserting their personal right to relief. These later proceedings and discussions will be completely separate from the trial of this class action and plaintiffs will be required

at their own expense to show individual injury caused by exposure to DES within a time period to be determined by this Court. Conversely, unfavorable determinations may adversely affect or extinguish your individual claim.

NOW, THEREFORE, TAKE NOTICE:

1. If you satisfy the requirements for class membership as described above, and proof of delivery to you of the notice is furnished to the Court by counsel for the class representatives, you will be included in the class, and will be bound by the decision rendered on the class issues, favorable or unfavorable. You will be excluded from the class *only if* by June 30, 1980 you mail to the Clerk of the Court a written request to be excluded from the class.

2. If you do not request exclusion from the class but prefer to be represented by your own lawyer, you may enter an appearance by counsel of your choice, in writing, not later than June 30, 1980.

3. If you neither request exclusion nor enter an appearance through counsel of your own choosing within the specified period, you will be represented by counsel for the class representative, David Rosenberg, Esq., Baker & Fine, 133 Mt. Auburn Street, Cambridge, Massachusetts 02138.

4. If you request exclusion from the class, you are free to pursue your claims, at your own expense, in another action. The following factors might bear upon your decision to request exclusion:

a. Even if judgment is granted in favor of the class and a class member later receives the relief she seeks, that judgment nonetheless might later prevent a successful lawsuit for more serious subsequent injuries, including cancer found to be attributable to DES.[1]

b. Proof of the elements of liability will undoubtedly require many hours of attorney time and the development of complex technical and medical evidence. The expense of this presentation may be very great. A person attempting to undertake this action on an individual, rather than on a class, basis might have to bear the entire financial burden of such a presentation.

c. Most lawsuits must be commenced within a certain period of time after the act complained of occurred. This requirement is imposed by the "statutes of limitations." If you request exclusion from the class, the statutes of limitations may immediately commence to run against your claims, and timely action may be required to preserve your ability to bring an individual suit in the future. You should accordingly consult your own lawyer.[2]

d. To receive the benefits of a favorable determination (or the disadvantages of an unfavorable one), you must fit within the class description outlined above. Although most of these requirements are self-evident, at some time in the course of the litigation you must demonstrate that you were exposed to Diethylstilbestrol, and not to one of the other drugs commonly prescribed to prevent miscarriages. To help you in this regard, a list of the trade names of drugs containing DES is attached. If you participate as a member of this class, and later discover that you were not exposed to DES, any claims you have because of the use of another drug may, by that time, be barred by a statute of limitation.

5. If you should elect either to be excluded from the class or to be represented

---

1. Plaintiffs have sought a court order directing defendants to establish an insurance fund to pay adequate compensation after judgment is entered in this case to any member of the class who is stricken by cancer which is proven to be caused by DES. Should the court find for the plaintiffs on certain of the class issues described above, it is possible that the propriety of such an insurance fund might also be certified as a class issue. The creation of such an insurance fund is a novel remedy not heretofore recognized by the courts of Massachusetts.

2. The pendency of this action might not affect the running of any statute of limitation with respect to any other manufacturer of DES against whom you may have a claim.

by your own counsel, your request to this effect should be sent by June 30, 1980 to:

> Clerk
> U. S. District Court
> 1525 Post Office & Courthouse Building
> Boston, Massachusetts 02109
> Re: Payton v. Abbott Labs
> Civil Action No. 76–1514–S

Requests for exclusion should be made on the form attached hereto.